IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Unum Life Insurance Company of America, ) | C/A No. 4:15-cv-01226-RBH-KDW |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Donna Brookshire; ) | |
| Bryant Weaver, and ) | |
| Jennifer Weaver, ) | |
| ) | |
| Defendants/Cross-Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| S.W., a minor, ) | |
| ) | |
| Defendant/Counter-Claimant/ ) | |
| Cross-Claimant ) | |
| ) | |

This matter is before the undersigned United States Magistrate Judge for a Report and Recommendation ("Report") on the pending Motion to Deposit Funds, for Attorney Fees, and for Dismissal with Prejudice filed by Plaintiff/Counter-Defendant Unum Life Insurance Company of America ("Unum" and "the pending Motion"). ECF No. 22. The case is before the undersigned because all Defendants are proceeding pro se.[1] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual and Procedural Background

On March 16, 2015, Unum filed a Complaint in interpleader pursuant to Federal Rule of Civil Procedure 22, naming Donna Brookshire; Bryant Weaver; Jennifer Weaver; and S.W., a

---

[1] Defendant S.W., who is a minor, is represented by a Guardian ad Litem ("GAL"), whom the court appointed upon Motion by Unum. *See* ECF Nos. 5, 27, 34.

minor, as Defendants. Unum seeks the court's order determining the proper beneficiaries of two group life insurance policies ("the Policies") that covered Clifford Weaver ("Decedent"),[2] a deceased employee of Conbraco Industries, Inc. ("the Employer"). ECF No. 1. As explained by Unum in the pending Motion, Decedent was covered by two policies—a basic group policy with coverage in the amount of $15,000.00 and a supplemental group policy with coverage in the amount of $150,000.00. ECF No. 22 at 2; *see* ECF No. 22-1. For purposes of this Report, the total policy proceeds of $165,000.00 will be referred to as the "Stake." Because the policies were provided to Decedent as part of an employee welfare benefit plan, the proper distribution of the Stake is governed by the federal Employee Retirement Income Security Program, commonly referred to as E.R.I.S.A, 29 U.S.C. §§ 1001-1169.

Citing Federal Rule of Civil Procedure 22, Unum alleges there is a dispute amongst Defendants regarding who should receive the Stake, that it wishes to be relieved from legal liability for deciding the competing claims by depositing the Stake into this court's registry and being dismissed from this action with an award of attorneys' fees, and that the final determination of the proper distribution of the proceeds be made by this court without Unum's further involvement in the case. ECF No. 1. The Complaint was served on all Defendants, and each adult Defendant filed an Answer pro se. ECF Nos. 8, 10, 21. Upon Motion submitted by Unum, ECF No. 5, the court appointed a GAL for Defendant S.W., a minor, ECF No. 27. The GAL then submitted an Answer, including a Counterclaim and Crossclaims, on S.W.'s behalf. ECF No. 34. Unum filed an Answer to the Counterclaim and each adult Defendant filed a Reply/Response to the Crossclaims. ECF Nos. 35, 53, 55, 56.

---

[2] Decedent died on or about January 7, 2015. *See* Compl. ¶ 8.

On November 2, 2015, the undersigned issued an Order directing the attention of the pro se Defendants and the GAL to Unum's pending Motion to Dismiss, advising Defendants of the deadline to respond to Unum's Motion and that, if they did not respond to the Motion by the December 7, 2015 deadline, the court may grant Unum's Motion. *See* ECF No. 61 at 2. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants). The November 2, 2015 Order also set deadlines for the completion of discovery and for the filing of dispositive motions in this case. ECF No. 61. The time for Defendants to respond to Unum's Motion has now passed; only Defendants Brookshire and Bryant Weaver filed a Response. ECF Nos. 65, 69.

III.     Discussion

In the pending Motion, Unum explains Defendants' competing interests in the $165,000 Stake, noting Defendant Brookshire was Decedent's girlfriend, Defendant Bryant Weaver is Decedent's brother, Defendant Jennifer Weaver is Decedent's ex-wife, and Defendant S.W. is a surviving minor child of Decedent and Jennifer Weaver. ECF No. 22 at 1-2. Unum attaches a copy of the beneficiary designation concerning the policies submitted by Decedent prior to his death, ECF No. 22-2, which designates Defendants Brookshire, Bryant Weaver, and S.W. as the primary beneficiaries of the policies. Brookshire was designated as a 50% beneficiary, while both Bryant Weaver and S.W. were designated as 25% beneficiaries. *Id.* Before Unum distributed the life insurance proceeds to those designated beneficiaries, Defendant Jennifer Weaver—Decedent's former wife and the mother of S.W.—provided Unum with a copy of the Final Order and Divorce Decree between her and Decedent. ECF No. 22 at 3. The Final Order and Divorce Decree incorporated a settlement agreement between the divorcing parties wherein Decedent agreed to maintain a $150,000.00 life insurance policy with his employer and to name

3

Defendant Jennifer Weaver as the sole beneficiary under that policy. A copy of the final judgment and a partial copy of the incorporated settlement agreement are attached to the pending Motion.[3] ECF No. 22-3.

To avoid potential exposure to multiple liability, Unum seeks to deposit the full $165,000.00 Stake, plus interest, into the court's registry and, thereby, to be entitled to a "full discharge of any and all liability under the Policy." *Id*. at 4. Unum also requests that the court award it attorneys' fees and costs in the amount of $2,464.13 ($1,798.25 in fees and $665.88 in costs). Unum supports this request with an affidavit from its lead counsel. ECF No. 22-4.

As the undersigned explained in its November 2, 2015 Order, Defendants had until December 7, 2015 to set out any objection to Unum's Motion to deposit the Stake, be awarded fees and costs, and be dismissed from this matter. ECF No. 61. The parties were further advised that, without a response, Unum's Motion might be granted, but that a grant of the instant Motion would not include a final ruling regarding how the insurance proceeds (or Stake) were to be distributed. *Id.* at 2.[4]

Neither Jennifer Weaver nor S.W. responded to Unum's Motion. Defendant Brookshire submitted a pro se response indicating that "the court should grant the Motion . . ." and award all relief that Unum seeks. ECF No. 65. Defendant Bryant Weaver's pro se Response asks this court

---

[3] The attachment includes all six pages of the final judgment; however, it includes only pages 13-20 of the referenced settlement agreement. *Before a recommendation on the merits of this interpleader action can be rendered, the court must be provided with a full and complete copy of the final judgment, including all missing pages (1-12) of the incorporated settlement agreement.*

[4] At the appropriate time, the court will consider the merits of each Defendant's claim to the Stake, and the court will determine the proper distribution of the Stake. In *Metropolitan Life Insurance Co. v. Mitchell*, the court stated that "[w]hen faced with an interpleader action, courts generally use a two-step approach. In the first step, a court must determine whether the interpleader action is appropriate, and, if it finds that the action it is appropriate, the plaintiff will be discharged from liability. . . . In the second step, the Court adjudicates the claims among the remaining adverse parties." 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citations omitted).

4

not to grant the pending Motion because Unum "should still be involved in the process until the settlement gets distributed to the rightful person/people," and any award of attorneys' fees and costs to Unum "should be taken out of the $150,000 Life Insurance Policy." ECF No. 69. Defendant Bryant Weaver does not discuss, or even reference, any legal authority that would preclude this court from granting the pending Motion. The silence of Defendants Jennifer Weaver and S.W.[5] in the face of an express opportunity to respond is considered to be a concession to the relief requested in the pending Motion. *See Gray v. Am. Homepatient, Inc.*, No. 2:14-cv-1207-DCN, 2014 WL 7965987, at * 10 (D.S.C. Oct. 24, 2014) (citing *Stewart Title Guar. Co. v. Sanford Title Servs., LLC,* No. 11-620, 2011 WL 5547997, at * 3 (D. Md. Nov. 10, 2011) and *Alexander v. Carolina Fire Control*, No. 1:14CV74, 2014 WL 3729546 (M.D.N.C. July 25, 2014) for the proposition that "[t]he failure to respond to [a] motion [to dismiss] is tantamount to a waiver of any opposition on the merits."). Accordingly, it is recommended that Unum's Motion be granted, as discussed below.

    A.    Unum's Request to Deposit Proceeds into Court Registry and to Dismiss Unum with Prejudice

Federal Rule of Civil Procedure 22 governs the process of an interpleader action in federal court and states,

    (a) Grounds.

        (1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

---

[5] In her counterclaim against Unum, Defendant S.W. indicates that Unum should be permitted to deposit the Stake into the registry ("interplead the funds") so long as it pays interest on the funds. ECF No. 34 at 2. In the pending Motion, Unum seeks to deposit the Stake "plus interest." ECF No. 22 at 4. Although S.W.'s Counterclaim asks that Unum be denied "any fees and costs," *id.*, she did not provide any authority for that position in that pleading, nor did she submit *any* response or objection to the pending Motion setting out her objection to an award of fees and costs, despite having been given the clear opportunity to do so.

5

> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
>
> (2) By a Defendant. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
> (b) Relation to Other Rules and Statutes. This rule supplements—and does not limit—the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

Fed. R. Civ. P. 22. As the court noted in *American United Life Ins. Co. v. Williford*:

> "Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Coastal Rehabilitation Services, P.A. v. Cooper,* 255 F. Supp. 2d 556, 558–59 (D.S.C. 2003) (citation omitted). "[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." *Sun Life Assur. Co. of Canada v. Thomas,* 735 F. Supp. 730, 732 (W.D. Mich. 1990) (citations omitted). "Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." *Id.* at 733.

*Am. United Life Ins. Co. v. Williford*, No. CIV. A. 7:12-1713-JMC, 2012 WL 5989891, at *2 (D.S.C. Nov. 6, 2012), *report and recommendation adopted,* No. 7:12-CV-01713-JMC, 2012 WL 5989832 (D.S.C. Nov. 30, 2012). It is a common and accepted practice for a court considering an interpleader action to permit a disinterested stakeholder to deposit the disputed stake into the court's registry and to then dismiss the stakeholder from the case. *See* 7 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1714 (3d ed. 1998) ("Wright & Miller"); *see also Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102-03 (E.D.N.Y. 2013); *Gen. Elec. Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668,

(D.C. Tex. 2002). Under applicable law the stakeholder should be required to add interest to the stake from the date of the policyholder's death until the date the deposit into the court registry is made. *See Guardian Life Ins. Co. v. Engel*, No. 4:09-cv-682-TLW-TER, 2010 WL 1027614, at *3 (D.S.C. Feb. 22, 2010).

Following review of the pending Motion and the two Responses thereto, the undersigned finds that Unum's Motion is properly before the court and should be granted. Unum is a disinterested stakeholder that has conceded liability for payment of the Stake but is faced with conflicting claims to the Stake from four individuals. There is no indication that Unum has any independent interest in the funds or is somehow itself independently liable to any Defendant. Unum has taken appropriate action by filing this interpleader action, seeking to avoid multiple liabilities to one or more of the Defendants by placing the issue of the proper distribution of the proceeds before this court for a legal determination. Unum has brought all of the claimants to the Stake before this court through its filing of this interpleader action. This form of legal proceeding is authorized by Rule 22 of the Federal Rules of Civil Procedure and E.R.I.S.A.

Further, no party has filed any specific objection to Unum's request to deposit the Stake into the court's registry or to Unum's specific request for attorneys' fees and costs. Although Defendant Bryant Weaver generally objects to Unum's request to be dismissed from the case with prejudice after depositing the Stake into the registry, he does not provide any substantial factual or legal argument in support of his broad statement that Unum "should still be involved in the process until the settlement gets distributed to the rightful person/people." ECF No. 69 at 1. The undersigned has considered Defendant Bryant Weaver's general request that Unum should be required to stay in the case until its final conclusion, but finds that no Defendant will be

prejudiced by Unum's dismissal from the case upon depositing the Stake, with interest, into the court's registry.

The undersigned recommends Unum's Motion to place the $165,000.00 Stake—plus interest covering the period from the date of Decedent's January 7, 2015 death until the date of deposit—into the court's registry should be *granted*, and that Unum should then be dismissed from this action with prejudice. Nothing in this recommendation should be construed as a recommended ruling on the merits of the remaining issue to be considered by the court—to whom the Stake is to be distributed.

### B.     Unum's Request for Attorneys' Fees and Costs

In considering an interpleader action such as this one, the court has discretion to award attorneys' fees to a disinterested stakeholder such as Unum. *See* 7 Wright & Miller at § 1719; *see also Aron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008); *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999); *Sun Life Assurance Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 775-76 (E.D. Va. 2007). According to the Eastern District of Virginia, "[t]he test for determining attorneys' fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in . . . other contexts. . . . In an interpleader action, the broad rule is reasonableness." *Sun Life*, 530 F. Supp. at 776 (citations omitted). Additionally, that same court has held that

> [T]he test of whether an interpleading party is entitled to counsel fees and costs is whether such a party could, in equity and good conscience, be required to assume the risk of a multiplicity of actions and possibly erroneous election, and where under such test the interpleader deserves the award of such costs, the court, in its discretion may allow same.

*Mfrs. Life Ins. Co. v. Johnson,* 385 F. Supp. 852, 854 (E.D. Va. 1974). Generally, any attorneys' fee and costs award in an interpleader action should be paid from the stake before it is distributed to any claimant or claimants under the court's final judgment. *See Marcus v. Dufour*, 796 F.

Supp. 2d 386, 391 (E.D.N.Y. 2011); *U. S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975); *BellSouth Telecomm. Inc. v. DeKalb Concrete Prods., Inc.*, No. 3:95-cv-533-17, 1995 WL 578191, at *4 (D.S.C. July 28, 1995).

In considering the request for fees and costs, the court is also mindful of the law generally applicable in this Circuit in determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee). This consideration includes the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Civil Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber*

"and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Civ. Rule 54.02(A) (D.S.C.).

According to his affidavit, Unum's counsel has been practicing law in this state since 1989 and is admitted to practice before this court, the Fourth Circuit Court of Appeals, and the United States Supreme Court. He has primarily concentrated his practice in the areas of E.R.I.S.A. cases, insurance defense, and commercial civil litigation, having been counsel in at least 775 cases before this court. He is rated "AV" by Martindale-Hubbell and has given talks on E.R.I.S.A. and insurance-related topics for the American Bar Association and the National Business Institute. Willard Aff., ECF No. 22-4. Unum's counsel's standard hourly rate is $200 per hour, and his paralegals' hourly rate is $80 per hour when representing Unum. *Id.* ¶ 13. Counsel affirms those hourly rates are reasonable and customary in the Columbia, South Carolina area where he practices law. The undersigned agrees. Counsel states that he and his law firm conducted all preliminary investigation in the disputed claims to the Stake, have prepared all the required documents for filing and serving this interpleader action, and have located all Defendants and served them with the Complaint. He includes a "client ledger" showing the actual time and expense that he and his staff members expended in connection with the investigation and preparation of this case for filing and service on Defendants, preparation of the Motion for Appointment of the GAL, and the pending Motion, and states that he believes that the fees and costs noted on that ledger ($1,798.25 in attorneys' fees and $665.88 in costs) are reasonable. ECF No. 22-4. No Defendant disputes the facts stated or the reasonableness of the fees and costs requested in the affidavit.

Having reviewed the pending Motion, the attached affidavit from Unum's legal counsel, the Responses to the Motion, and the other filings on the docket in light of the applicable law

cited above, the undersigned finds that Unum's request for attorneys' fees and costs satisfactorily addresses the relevant *Barber* factors, is completely reasonable, and that it should be granted. Unum qualifies as a disinterested stakeholder and there are no allegations or evidence indicating that it unreasonably delayed in instituting this interpleader action when it became apparent to it that there are conflicting claims to the Stake. Unum's legal counsel is an experienced attorney with a good reputation in the community. Moreover, because the competing claimants, Defendants herein, are all proceeding without legal counsel and include a minor, Unum's legal counsel has been required to expend additional time and resources over and above the usual time and expense required to file an interpleader action in order to obtain the appointment of a GAL for the minor child and to assure that the other pro se Defendants were all properly served and adequately appeared in this case. Furthermore, although Defendant S.W. includes a conclusory statement in her counterclaim indicating that she does not believe that attorneys' fees should be awarded, she did not file a Response to the pending Motion and has not otherwise disputed the reasonableness of Unum's request for attorneys' fees and costs. As previously noted, no other Defendant contests the reasonableness of the request for attorneys' fees and costs, and Defendant Bryant Weaver has not provided any legal support for his contention that attorneys' fees and costs should be payable only out of one portion of the Stake rather than from the entire Stake. Under these circumstances, the undersigned finds that the total of $2,464.13 for attorneys' fees and costs is reasonable and proper under the circumstances presented by this case.

IV.     Recommendation

Accordingly, it is recommended that the district court grant the pending Motion in its entirety and that Unum be permitted to deposit the $165,000.00 Stake, plus interest from the date of Decedent's death until the date the deposit is made, into the court's registry and then be

dismissed from this action with prejudice. It is further recommended that Unum's request for attorneys' fees and costs be granted, and that the full amount requested ($2,464.13) be deducted from the Stake and paid to Unum *when the final judgment in this case is entered*.

The parties are reminded that, even while the district court's consideration of this Report is pending, other deadlines remain active. The parties are to complete all discovery in this matter by January 4, 2016, and all dispositive motions—which include motions regarding to whom the Policy proceeds (or the "Stake") should be awarded—are due no later than February 16, 2016. *See* ECF No. 61. The parties are again reminded that the court must receive a complete copy of the Settlement Agreement associated with the Divorce Decree referenced above.

IT IS SO RECOMMENDED.

December 30, 2015                                    Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**