UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Unum Life Insurance Company of America, | Civil Action No.: 4:15-cv-01226-RBH-KDW |
| Plaintiff / Counter-Defendant, | |
| v. | **ORDER** |
| Donna Brookshire, Bryant Weaver, and Jennifer Weaver, | |
| Defendants / Cross-Defendants, | |
| and | |
| S.W., a minor, | |
| Defendant / Counter-Claimant / Cross-Claimant. | |

This matter is before the Court on Plaintiff Unum Life Insurance Company of America's ("Unum") motion to amend the order that the Court entered on January 22, 2016. *See* ECF Nos. 75 & 80. For the reasons explained below, the Court grants Plaintiff's motion.

Unum brought this interpleader action seeking relief pursuant to 29 U.S.C. § 1132 and Federal Rule of Procedure 22. *See* ECF No. 1. Unum filed a motion seeking (1) authorization to deposit insurance policy proceeds into the Court's registry, (2) an award of attorney's fees, and (3) dismissal with prejudice from this action. *See* ECF No. 22. Specifically, Unum sought to deposit $165,000 in insurance policy proceeds ("the Stake") into the Court's registry. *Id.* at 3-4.

The matter came before the Court for review of a Report and Recommendation ("R & R") issued by United States Magistrate Judge Kaymani D. West. *See* R & R, ECF No. 72. The Magistrate Judge recommended the Court grant Unum's motion in its entirety. R & R at 11-12. No party filed objections

to the Magistrate Judge's R & R. On January 22, 2016, after reviewing the R & R for clear error and finding none, the Court entered an order adopting and incorporating the R & R by reference.[1] *See* ECF No. 75.

On February 1, 2016, Unum filed the instant motion to amend pursuant to Federal Rule of Civil Procedure 54(b). *See* ECF No. 80. Unum states in its motion that "it erroneously calculated Defendant Bryant Weaver was a covered insured under a basic group policy in the amount of $15,000 rather than the correct amount of $20,000. Accordingly the total Stake should be $170,000 rather than $165,000." *Id.* at 1. Thus, Unum requests that the Court amend its January 22, 2016 order to reflect that the Stake is $170,000, not $165,000.

Federal Rule of Civil Procedure 54(b) governs the Court's reconsideration of interlocutory orders such as the one entered on January 22, 2016. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Rule 54(b) permits a district court to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

---

[1] The Court entered judgment in its January 22, 2016 order as follows:

> After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 72] of the Magistrate Judge. It is therefore **ORDERED** that Unum's [ECF No. 22] motion is **GRANTED IN ITS ENTIRETY** as follows:
>
> (1) Unum shall **DEPOSIT** the insurance policy proceeds (the $165,000 Stake, plus the interest accruing from the date of the decedent's death until the date the deposit is made) into the Court's registry. After depositing the proceeds, Unum shall be **DISMISSED WITH PREJUDICE** from this action.
>
> (2) Unum shall be **AWARDED** attorney's fees in the amount of $2,464.13, which is to be deducted from the Stake and paid to Unum *when the final judgment in this case is entered*.
>
> **IT IS SO ORDERED.**

ECF No. 75 at 2-3.

parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n*, 326 F.3d at 514-15. A district court's discretion to modify an interlocutory order under Rule 54(b) is broader than "the strict standards applicable to motions to alter or amend a final judgment under Rule 59(e) or for relief from judgment under Rule 60(b). The decision whether to reconsider a prior ruling is, instead, 'committed to the discretion of the district court.'" *AMCOL Sys., Inc. v. Lemberg Law*, LLC, No. CV 3:15-3422-CMC, 2016 WL 613896, at *2 (D.S.C. Feb. 16, 2016) (quoting *Am. Canoe Ass'n*, 326 F.3d at 514-15).

Although the strict standards applicable to Rule 59 do not apply to motions brought under Rule 54(b), district courts within the Fourth Circuit routinely look to the standards of Rule 59 for guidance.[2] *Poole v. Transcon. Fund Admin., Ltd.*, No. CV 6:12-2943-BHH, 2016 WL 301225, at *1 (D.S.C. Jan. 25, 2016) (collecting cases). "As with a motion under Rule 59, appropriate reasons for granting reconsideration under Rule 54 are: (1) to follow an intervening change in controlling law; *(2) on account of new evidence*; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (internal quotation marks omitted) (emphasis added). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n*, 326 F.3d at 515.

The time for filing a response to Unum's motion to amend has expired without any defendant responding. In the absence of any responses from Defendants, and given Unum's candid admission that it erroneously calculated the monetary amount of the insurance policy at issue by five thousand dollars,

---

[2] "The Fourth Circuit Court of Appeals has not specifically articulated the standard for evaluating a motion for reconsideration filed under Rule 54(b)." *Poole*, 2016 WL 301225, at *1.

3

the Court **GRANTS** Unum's motion to amend [ECF No. 80].  The Court exercises its discretion under Rule 54(b) and amends its judgment in the January 22, 2016 order as follows; the sole change is to the amount of the Stake to be deposited by Unum into the Court's registry:

It is therefore **ORDERED** that:

(1)     Unum shall **DEPOSIT** the insurance policy proceeds (the **$170,000 Stake**, plus the interest accruing from the date of the decedent's death until the date the deposit is made) into the Court's registry.  After depositing the proceeds, Unum shall be **DISMISSED WITH PREJUDICE** from this action.

(2)     Unum shall be **AWARDED** attorney's fees in the amount of $2,464.13, which is to be deducted from the Stake and paid to Unum *when the final judgment in this case is entered*.

**IT IS SO ORDERED.**

Florence, South Carolina                                                                s/ R. Bryan Harwell
February 23, 2016                                                                        R. Bryan Harwell
                                                                                          United States District Judge