IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Unum Life Insurance Company of America, )<br>)<br>    Plaintiff/Counter-Defendant,    )<br>)<br>vs.    )<br>)<br>Donna Brookshire;    )<br>Bryant Weaver, and    )<br>Jennifer Weaver,    )<br>)<br>    Defendants/Cross-Defendants,    )<br>)<br>and    )<br>)<br>S.W., a minor,    )<br>)<br>    Defendant/Counter-Claimant/    )<br>    Cross-Claimant    )<br>    )| C/A No. 4:15-cv-01226-RBH-KDW<br><br>**ORDER**<br>*Action Required by GAL for S.W. by April 15*<br>*Action Required by Other Parties by April 29* |

    This case is before the undersigned because all Defendants are proceeding pro se.[1] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. Twice the parties were advised they had until February 16, 2016, to file dispositive motions, *see* ECF Nos. 61, 78; however, no party has yet filed a motion for summary judgment or similar dispositive motion. Thus, it appears that no party intends to file a dispositive motion in the case, and the court will be required to issue a final judgment on the merits of this interpleader action *sua sponte*, or, in other words, on its own motion.

    Federal Rule of Civil Procedure 56(f) permits this court to enter summary judgment "independent of [a] motion," but only "after giving [the parties] notice and a reasonable time to

---

[1] The Defendant S.W., who is a minor, is represented by a Guardian ad Litem ("GAL"). ECF Nos. 27, 34.

respond . . . ." Under Rule 56(f), this court may "(1) grant summary judgment for a non-movant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The court has closely reviewed the parties' filings and it appears Defendant S.W.'s Counterclaim and Crossclaims appropriately frame the issue at the heart of this matter—who receives the insurance proceeds now deposited with the court.

This Order is issued to provide each of the Defendants, including the GAL for Defendant S.W., with the required "notice and a reasonable time to respond" to the undersigned's intention,[2] to construe S.W., a minor's Counterclaim and Crossclaims, ECF No. 34, as a motion for summary judgment so as to permit entry of a report and recommendation on the merits of this interpleader action to the district court. The subject Counterclaim and Crossclaims contain the following allegations indicating Defendant S.W.'s position on the merits of this case:

> Upon information and belief Defendant Jennifer Weaver was ordered by a court of competent jurisdiction to be the proper designated beneficiary of one of the ERISA governed life insurance policies at issue. As the Court Ordered designated beneficiary of the One Hundred and Fifty Thousand Dollars ($150,000.00), this Defendant believes that Co-Defendant Jennifer Weaver has a superior claim to the proceeds per the South Carolina Family Court Order.
>
> With regard to the Fifteen Thousand Dollar ($15,000.00) policy, this Defendant believes that said policy is subject to division according to the beneficiary designation executed by decedent on November 15, 2014.[3]

ECF No. 34 at 2.

The undersigned hereby provides the parties with the required notice that there appears to be no genuine dispute as to the following facts:

---

[2] This intention is based on the court's duty to liberally construe pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[3] After the Counterclaim was filed, Plaintiff/Counter-Defendant Unum Life Insurance Company of America informed the court that the second policy carries a face value of $20,000.00, not $15,000.00 as it original stated in its initial pleadings. ECF No. 80.

1. Defendant Donna Brookshire is a resident and citizen of Myrtle Beach, South Carolina and was the girlfriend of the Decedent, Clifford Weaver ("Decedent").

2. Defendant Bryant Weaver is a resident and citizen of Conway, South Carolina and was the brother of the Decedent.

3. Defendant Jennifer Weaver is a resident and citizen of Alderson, West Virginia and was the ex-wife of the Decedent.

4. Defendant S.W. is a surviving minor child of the Decedent and Jennifer Weaver and currently resides in West Virginia with Jennifer Weaver.

5. Decedent's former employer, Conbraco Industries, Inc. ("Employer") established and/or maintained basic group life and supplemental group life insurance coverage with Unum Life Insurance Company of America ("Unum") for the benefit of its employees as part of an employee welfare benefit plan ("Plan") governed by 29 U.S.C. § 1001 et seq. ("ERISA"). This Plan was funded, at least in part, through Unum's group life insurance policy number 417111 (the "Policy"). Decedent was a participant in the Plan.

6. Decedent was a covered insured under a basic group policy in the amount of Twenty Thousand and no/100 Dollars ($20,000.00) and a supplemental group policy in the amount of One-Hundred-Fifty-Thousand and no/100 Dollars ($150,000.00) issued to the Employer.

7. Prior to Decedent's death and almost five months after June 16, 2014 entry of the final order in his South Carolina divorce action (see para. 10 below), on November 15, 2014, Decedent designated Defendant Donna Brookshire (50%), Defendant Bryant Wheeler (25%) and Defendant S.W. (25%) as primary beneficiaries of the Policy.

8. Decedent made no further changes to his beneficiary designation.

9. Decedent died on or about January 7, 2015, and the proceeds of the Policy are now subject to distribution.

10. At an undisclosed time, Defendant Jennifer Weaver provided the Employer with a copy of her divorce decree from an action entitled *Jennifer Sue Weaver v. Clifford Henry Weaver, Jr.*, Case Number 2013-DR-26-1577 in the Family Court of Horry County, which states "HUSBAND shall continue to maintain the life insurance policy through his employer in the amount of One Hundred Fifty Thousand and no/100 Dollars ($150,000.00) and name WIFE as the sole beneficiary to the policy. HUSBAND shall continue the policy and timely pay the premiums and costs associated therewith. HUSBAND shall provide proof of the coverage annually, by December 31 of every year, to WIFE."

11. Defendants Donna Brookshire, Bryant Weaver, and S.W. each claim to be the rightful beneficiaries under the entire Policy.

12. Defendant Jennifer Weaver claims to the rightful beneficiary under the $150,000.00 supplemental group portion of the Policy.

TO THE PRO SE PARTIES AND THE GAL:

To the GAL: Because there are no legal citations or other authority provided for S.W.'s position in the Counterclaim, the undersigned hereby directs the GAL to provide the court with a legal memorandum in support of the position **on or before Friday, April 15, 2016**. The memorandum must contain both factual and legal analysis supported by applicable legal authority and must specifically address the following issue that could be determinative of this case: **Does the life insurance-coverage provision of the final order that ended the marriage of Defendant Jennifer Weaver and Decedent qualify as a Qualified Domestic Relations Order ("QDRO") as that term is defined in applicable ERISA-related law,** *see, e.g.,* **29 U.S.C.A. § 1056(d)(3)(C);** *Metropolitan Life Insurance Co. v. Leich-Brannan*, **812 F. Supp. 2d 729, 735-37 (E.D. Va. 2011)?**

To all other parties: No later than **April 29, 2016**, to the extent any party disagrees with any filing Defendant S.W. provides on the merits of this case as ordered above or disputes any of the 12 facts listed above in this Order as undisputed, he or she *must* file a written response in opposition to S.W.'s contentions. Any such written response to Defendant S.W.'s filing is to include both factual and legal argument supported by applicable legal authority to justify his or her contrary position on the appropriate division of the $170,000.00 stake at issue in this case and/or raising disputed facts.

If no response in opposition to Defendant S.W.'s position is filed within the time permitted by this Order, each non-responding pro se party will be found to have waived his or

4

her right to request a different distribution of the stake than that proposed by Defendant S.W. in her Counterclaim and Crossclaims, which will be construed as a motion for summary judgment. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

After the time for each party's compliance with this Order has passed with or without response from the pro se parties, this case will be ripe for the issuance of a report and recommendation to the district court on the construed motion for summary judgment.

TO THE CLERK OF COURT:

The Clerk of Court is directed to set an April 15, 2016 deadline for the GAL's compliance with this Order. The Clerk of Court is also directed to set an April 29, 2016 deadline for each pro se party's compliance with this Order. The Clerk of Court is directed to mail a copy of this Order to each pro se party in this case. The Order will be available to the GAL and to Plaintiff Unum's attorney through the court electronic case filing system.

IT IS SO ORDERED.

March 9, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge