UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Unum Life Insurance Company of America, | ) ) ) | Civil Action No.: 4:15-cv-01226-RBH |
| Plaintiff / Counter-Defendant, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Donna Brookshire, Bryant Weaver, and Jennifer Weaver, | ) ) ) ) | |
| Defendants / Cross-Defendants, | ) ) | |
| and | ) ) | |
| S.W., a minor, | ) ) | |
| Defendant / Counter-Claimant / Cross-Claimant. | ) ) ) | |

This interpleader action concerns the disbursement of proceeds from a $170,000 life insurance policy ("the Policy") issued by Unum Life Insurance Company of America ("Unum") to the decedent Clifford Weaver and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Policy designated Cross-Defendant Donna Brookshire, Cross-Defendant Bryant Weaver, and Cross-Claimant S.W.[1] as the primary beneficiaries with respective interests of 50%, 25%, and 25%. ECF No. 1-2. Unum filed this case seeking interpleader relief pursuant to 29 U.S.C. § 1132 and Federal Rule of Procedure 22. *See* ECF No. 1. Unum filed a motion seeking (1) authorization to deposit the Policy proceeds into the Court's registry, (2) an award of attorney's fees in the amount of $2,464.13, and (3) dismissal with prejudice from this action. *See* ECF No. 22. The Court

---

[1] S.W. is a minor represented by a guardian ad litem, Candy Kern-Fuller. *See* ECF Nos. 27 & 34.

granted Unum's motion in its entirety,[2] and Unum then deposited the Policy proceeds into the Court's registry. *See* ECF Nos. 72, 75, 91, & 94. Thereafter, the Magistrate Judge issued an order giving the parties notice that she would be considering summary judgment on her own initiative and making a report and recommendation to this Court regarding the propriety of summary judgment. *See* ECF No. 97; *see generally* Fed. R. Civ. P. 56(f).

The matter is now before the Court for review of the Report and Recommendation (R & R) issued by United States Magistrate Judge Kaymani D. West and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[3] *See* R & R, ECF No. 104. Considering summary judgment on her own initiative, the Magistrate Judge recommends that the Court award Cross-Defendant Donna Brookshire 50% of the Policy, award Cross-Defendant Bryant Weaver 25% of the Policy, and award Cross-Claimant S.W. 25% of the Policy. R & R at 9-10, 12. The Magistrate Judge further recommends that the Court, before distributing the Policy proceeds, order Cross-Defendant Jennifer Weaver to establish a special needs trust naming Cross-Claimant S.W. as the sole beneficiary and requiring S.W.'s share of the Policy proceeds be used to fund the trust. *Id.* at 10-12. No parties have filed objections to the R & R.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in

---

[2] The Court stated in its order that "Unum shall be **AWARDED** attorney's fees in the amount of $2,464.13, which is to be deducted from the Stake and paid to Unum *when the final judgment in this case is entered*." ECF No. 91 at 4.

[3] The R & R sets forth in detail the relevant facts and legal standards for this case.

whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

As noted above, no party has objected to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R. *See* ECF No. 104. However, the Court modifies the R & R to reflect that the distribution of the Policy proceeds is subject to the Court's previous order awarding Unum attorney's fees in the amount of $2,464.13. *See* ECF No. 91.

Accordingly, pursuant to Federal Rule of Civil Procedure 56(f), the Court sua sponte **GRANTS** summary judgment in favor of Cross-Defendant Donna Brookshire, Cross-Defendant Bryant Weaver, and Cross-Claimant S.W. The Court hereby **ORDERS** the following:

(1) The Court finds a special needs trust is appropriate for S.W. and therefore **ORDERS** the Guardian ad Litem (Candy Kern-Fuller) to assist Cross-Defendant Jennifer Weaver (S.W.'s mother) in the establishment of a special needs trust that names S.W. as the sole beneficiary and uses S.W.'s share of the Policy proceeds to fund the trust. Ms. Kern-Fuller shall contact an attorney experienced with creating special needs trusts and **file a report with the Court within thirty days of the date of filing of this Order**, at

which time she shall also provide the Court a statement of the fees and/or costs associated with her own time in this case and a statement of the fees and/or costs associated with the establishment of a special needs trust for S.W.[4]  Ms. Kern-Fuller shall further advise the Court as to any particular procedure that may be necessary to establish such a trust, such as whether the Policy proceeds should be disbursed to her trust account or whether they should be directly disbursed to S.W.'s special needs trust.

(2)  Once the Court receives adequate proof that Ms. Weaver and the Guardian ad Litem can establish a special needs trust for S.W., the Clerk shall first **PAY** Unum attorney's fees in the amount of $2,464.13 and then **DISTRIBUTE** the remaining Policy proceeds (and accrued interest) as follows: 50% to Cross-Defendant Donna Brookshire, 25% to Cross-Defendant Bryant Weaver, and 25% to Cross-Claimant S.W.  S.W.'s portion of the Policy proceeds is subject to the fees and/or costs incurred by the Guardian ad Litem and the fees and/or costs associated with the establishment of the special needs trust.

**IT IS SO ORDERED.**


Florence, South Carolina                                                              s/ R. Bryan Harwell
May 20, 2016                                                                          R. Bryan Harwell
                                                                                      United States District Judge

---

[4]  *See* Local Civ. Rule 17.03 (D.S.C.) ("In its order of approval, the court shall approve or fix the amount of the fee to be paid to counsel for the minor or incompetent parties and make appropriate provision for the payment thereof.  The order of approval shall also provide the manner in which judgments, if any, are to be paid and may make specific provisions for the payment of medical, hospital, and similar expenses when allowed by applicable law.").