UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Unum Life Insurance Company of America, | ) Civil Action No.: 4:15-cv-01226-RBH |
| Plaintiff / Counter-Defendant, | ) |
| v. | ) **ORDER** |
| Donna Brookshire, Bryant Weaver, and Jennifer Weaver, | ) |
| Defendants / Cross-Defendants, | ) |
| and | ) |
| S.W., a minor, | ) |
| Defendant / Counter-Claimant / Cross-Claimant. | ) |

This interpleader action concerns the disbursement of proceeds from a $170,000 life insurance policy ("the Policy") issued by Unum Life Insurance Company of America ("Unum") to the decedent Clifford Weaver and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* The Policy designated Cross-Defendant Donna Brookshire, Cross-Defendant Bryant Weaver, and Cross-Claimant S.W.[1] as the primary beneficiaries with respective interests of 50%, 25%, and 25%. ECF No. 1-2. Unum filed this case seeking interpleader relief pursuant to 29 U.S.C. § 1132 and Federal Rule of Procedure 22. *See* ECF No. 1. Unum filed a motion seeking (1) authorization to deposit the Policy proceeds into the Court's registry, (2) an award of attorney's fees in the amount of

---

[1] S.W. is a minor represented by a guardian ad litem, Candy Kern-Fuller. *See* ECF Nos. 27 & 34. She is the surviving minor child of the decedent Clifford Weaver, lives in West Virginia with her mother Cross-Defendant Jennifer Weaver, and suffers from cerebral palsy; due to this condition, S.W. receives medical benefits through Medicaid. ECF No. 34 at ¶ 11; ECF No. 104 at 2.

$2,464.13, and (3) dismissal with prejudice from this action. *See* ECF No. 22. The Court granted Unum's motion in its entirety,[2] and Unum then deposited the Policy proceeds into the Court's registry. *See* ECF Nos. 72, 75, 91, & 94.

On May 20, 2016, the matter came before the Court for review of a Report and Recommendation (R & R) issued by United States Magistrate Judge Kaymani D. West and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 104. No parties filed objections to the R & R, and the Court adopted the R & R as modified.[3] *See* ECF No. 108. Pursuant to Federal Rule of Civil Procedure 56(f), the Court sua sponte granted summary judgment in favor of Cross-Defendant Donna Brookshire, Cross-Defendant Bryant Weaver, and Cross-Claimant S.W. *Id.* The Court ruled as follows in its May 20, 2016 order:

The Court hereby **ORDERS** the following:

(1) The Court finds a special needs trust is appropriate for S.W. and therefore **ORDERS** the Guardian ad Litem (Candy Kern-Fuller) to assist Cross-Defendant Jennifer Weaver (S.W.'s mother) in the establishment of a special needs trust that names S.W. as the sole beneficiary and uses S.W.'s share of the Policy proceeds to fund the trust. Ms. Kern-Fuller shall contact an attorney experienced with creating special needs trusts and **file a report with the Court within thirty days of the date of filing of this Order**, at which time she shall also provide the Court a statement of the fees and/or costs associated with her own time in this case and a statement of the fees and/or costs associated with the establishment of a special needs trust for S.W. Ms. Kern-Fuller shall

---

[2] The Court stated in its order that "Unum shall be **AWARDED** attorney's fees in the amount of $2,464.13, which is to be deducted from the Stake and paid to Unum *when the final judgment in this case is entered.*" ECF No. 91 at 4.

[3] The Court modified the R & R to reflect that the distribution of the Policy proceeds was subject to the Court's previous order awarding Unum attorney's fees in the amount of $2,464.13. *See* ECF No. 91.

2

>> further advise the Court as to any particular procedure that may be necessary to establish such a trust, such as whether the Policy proceeds should be disbursed to her trust account or whether they should be directly disbursed to S.W.'s special needs trust.
>
> (2) Once the Court receives adequate proof that Ms. Weaver and the Guardian ad Litem can establish a special needs trust for S.W., the Clerk shall first **PAY** Unum attorney's fees in the amount of $2,464.13 and then **DISTRIBUTE** the remaining Policy proceeds (and accrued interest) as follows: 50% to Cross-Defendant Donna Brookshire, 25% to Cross-Defendant Bryant Weaver, and 25% to Cross-Claimant S.W. S.W.'s portion of the Policy proceeds is subject to the fees and/or costs incurred by the Guardian ad Litem and the fees and/or costs associated with the establishment of the special needs trust.

ECF No. 108 at 3-4 (internal footnote omitted).

On June 20, 2016, Ms. Kern-Fuller filed the required status report. ECF No. 111. She stated her current fees and costs were $3,018.50, and she included a detailed invoice itemizing those fees and costs. *See* ECF No. 111-1. She further stated Daniel C. Staggers, a West Virginia attorney, would be retained to establish a special needs trust for S.W., and that Mr. Staggers would charge a $1,500.00 fee to establish the trust along with a recommended reserve fund of $250.00 for any additional costs that might arise. Additionally, Ms. Kern-Fuller stated Mr. Staggers advised her that S.W.'s mother (Cross-Defendant Jennifer Weaver) "is the best candidate to set up the trust," that Ms. Kern-Fuller will need to provide Mr. Staggers the contact information for Ms. Weaver, that Ms. Kern-Fuller will need to fund the trust out of her escrow account, that Ms. Weaver must sign off on the trust, and that Ms. Kern-Fuller will need to stay involved until the trust is set up and operating properly. Ms. Kern-Fuller stated, "No other special procedure appears necessary."

On June 24, 2016, the Court issued a docket text order directing Ms. Kern-Fuller to contact Mr. Staggers and determine whether, in addition to the special needs trust, any conservatorship or guardianship (or other similar legal mechanism) would need to be established under West Virginia law for the supervision of S.W.'s portion of the insurance policy proceeds; and if so, how much Mr. Staggers estimated such a conservatorship or guardianship would cost. *See* ECF No. 112.

On June 30, 2016, Ms. Kern-Fuller filed the required status report. ECF No. 116. She stated that after consulting with Mr. Staggers, "[a] Conservator and Guardian established in West Virginia would be appropriate, and likely a necessity. This would enable a State Circuit Court to monitor the financial activity and personal matters of the mother concerning the child." Ms. Kern-Fuller indicated that the court cost to file a guardian/conservator pleading is usually $110.00 and that the service cost is approximately $100.00 per person. She further stated Mr. Staggers would charge $1,000.00 to establish a guardianship/conservatorship.

Having reviewed Ms. Kern-Fuller's status reports, the Court finds Ms. Kern-Fuller has provided adequate proof that she and Ms. Weaver can establish a special needs trust for S.W. with the assistance of Mr. Staggers, who is a licensed West Virginia attorney. Accordingly, the Court **ORDERS** that the Policy proceeds be distributed as follows:

(1)  Consistent with the Court's previous orders in this case, *see* ECF Nos. 91 & 108, the Clerk shall first **PAY** Unum attorney's fees in the amount of $2,464.13, which is to be deducted from the total amount of the Policy proceeds currently held in the Court's registry.

(2)  The Clerk shall then **DISTRIBUTE** the remaining Policy proceeds (and accrued interest) as follows: **50%** to Cross-Defendant Donna Brookshire, **25%** to Cross-

4

Defendant Bryant Weaver, and **25%** to the minor Cross-Claimant S.W. (whose name is ▮▮▮▮▮▮▮▮ )[4] and Attorney Candy Kern-Fuller Trust Account. S.W.'s portion of the Policy proceeds is subject to (1) the fees and costs incurred by Ms. Kern-Fuller and (2) the fees and costs associated with the establishment of the special needs trust and the related guardianship/conservatorship by Mr. Staggers.[5] Specifically, the Court approves the sum of $3,018.50 in fees and costs incurred by Ms. Kern-Fuller for her representation in this matter,[6] the sum of $1,500.00 and a reserve fund of up to $250.00 for the establishment of a special needs trust by Mr. Staggers, the sum of $1000.00 for the establishment of a guardianship/conservatorship by Mr. Staggers, the sum of $110.00 for the court costs to file a guardianship/conservatorship pleading, and the approximate sum of $100.00 per person for the service costs regarding the guardianship/conservatorship. Ms. Kern-Fuller shall use her trust account to distribute her approved fees and costs, to distribute Mr. Staggers's approved legal fees and costs, and to fund the special needs trust. Ms. Kern-Fuller and Ms. Weaver shall promptly coordinate with Mr. Staggers to ensure the proper establishment of the special needs trust. Ms. Kern-Fuller shall promptly coordinate with Mr. Staggers to ensure the proper

---

[4]     A *redacted* version of this Order omitting S.W.'s name contained in the above parenthetical shall be available for public viewing. An *unredacted* version of this Order showing S.W.'s name shall be *sealed* but available to the attorneys in this case.

[5]     *See* Local Civ. Rule 17.03 (D.S.C.) ("In its order of approval, the court shall approve or fix the amount of the fee to be paid to counsel for the minor or incompetent parties and make appropriate provision for the payment thereof. The order of approval shall also provide the manner in which judgments, if any, are to be paid and may make specific provisions for the payment of medical, hospital, and similar expenses when allowed by applicable law.").

[6]     The Court will not approve a reserve fund of $250.00 for any additional interaction that Ms. Kern-Fuller may have with Mr. Staggers. In the event there are additional costs that were overlooked, Ms. Kern-Fuller should advise the Court of such and request approval.

establishment of the special needs trust and any necessary guardianship/conservatorship.

The Court **DIRECTS** the Clerk to **CLOSE** this case once the Policy proceeds have been fully distributed.

**IT IS SO ORDERED.**

Florence, South Carolina
July 6, 2016

R. Bryan Harwell
United States District Judge